In re Jesse M. LINDSEY & Louise O. Lindsey, Debtors.

Jesse M. LINDSEY & Louise O. Lindsey, Plaintiffs,

v.

MBANK ALAMO, N.A. & Ricky Preston, Defendants.

Bankruptcy No. 5–84–00306–A.

Adv. No. 87–5144–A.

SA–88–CA–221.

United States District Court,
W.D. Texas,
San Antonio Division.

April 15, 1988.

Bruce Waitz, San Antonio, Tex., for debtor.

Jack Partain, San Antonio, Tex., for MBank Alamo, N.A.

## ORDER

BUNTON, Chief Judge.

On this day, came on for consideration the Proposed Findings of Fact and Conclusions of Law of the United States Bankruptcy Court entered on February 23, 1988, that the District Court should Abstain from hearing the above-captioned cause. After reviewing the proposed findings and conclusions, this Court is of the opinion that it should adopt the proposed findings of fact and conclusions of law, and that this Court should voluntarily abstain from hearing the above-styled adversary proceeding pursuant to 28 U.S.C. Section 1334(c).

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Proposed Findings of Fact and Conclusions of Law are adopted and this Court will voluntarily abstain from hearing this adversary proceeding pursuant to 28 U.S.C. Section 1334(c)(1).

United States Bankruptcy Court Western District of Texas San Antonio Division

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT THE DISTRICT COURT SHOULD ABSTAIN FROM HEARING THIS PROCEEDING

Pending before the Court in the above adversary is MBank Alamo's Motion to Dismiss or, Alternatively, to Abstain. The Court has considered the motion, the Debtors' response thereto, and the briefs filed in this proceeding. Because the Court concludes that this is a related proceeding, the Court enters these proposed findings of fact and conclusions of law recommending that the District Judge abstain from hearing this proceeding.

### Findings of Fact

1. The Debtors filed their petition under Chapter 11 on February 24, 1984.

2. On February 27, 1986, the Court entered an order lifting the automatic stay which allowed MBank Alamo to foreclose on a 516 acre tract of real property in Frio County, Texas. MBank Alamo is now the owner and holder of fee simple title to the tract.

3. Prior to the foreclosure, a peanut allotment was allocated by the Frio County Agricultural and Conservation Service pursuant to the Agricultural Adjustment Act of 1938.

4. Debtors filed their Plan of Reorganization on February 27, 1986. The Plan was confirmed by an order entered on September 3, 1986. The peanut allotment is not specifically treated by the Plan.

5. Debtors filed this adversary complaint on June 15, 1987. The complaint alleges that the Debtors, as individuals, own the peanut allotment, and that MBank has converted the allotment for the 1987 crop year.

6. MBank asserts that the allotment runs with the land and is not owned by the individual farmer.

7. MBank seeks to dismiss this complaint because the Court lacks subject matter jurisdiction; alternatively, MBank requests that the Court abstain from hearing this proceeding.

8. The Plan includes a provision that the Court will retain jurisdiction to determine matters in connection with the case including settling any disputes between the Debtors and their creditors. Plan of Reorganization; Article V.2(c).

### Conclusions of Law

1. The confirmation of the Debtors' Plan vested all property of the estate in the Debtors. 11 U.S.C. 1141(c). The acts that constitute the alleged conversion happened post-confirmation. Thus, this dispute is not between the Debtors as the Debtor–in–Possession, the entity which controlled the assets of the bankruptcy estate, but rather this dispute is between the Debtors as individuals and the creditor, MBank.

2. The essential nexus between the dispute and the bankruptcy case no longer exists to this post-confirmation dispute. Unless jurisdiction is retained by the Plan, this dispute is between two "strangers" and does not "arise under title 11, or arise in or related to a case under title 11." 28 U.S.C. 1334(b).

3. The Plan provides that this Court will retain jurisdiction of this dispute as it is a dispute between the Debtor and a creditor. The plan provision is a sufficient basis for retaining subject matter jurisdiction. *See In re Tennessee Wheel & Rubber Co.*, 64 B.R. 721 (Bankr.M.D.Tenn.1986).

4. This proceeding can only be an otherwise-related proceeding. 28 U.S.C. 157(c). A core proceeding "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise *only* in the context of a bankruptcy case." (Emphasis added.) *Matter of Wood*, 825 F.2d 90, 97 (5th Cir.1987). This proceeding does not meet either of the criteria of a core proceeding.

5. The Debtors are asserting a tort claim, which is a State law claim. The underlying issue of ownership or control of the peanut allotment is influenced by, or may be determined by, the documents that effectuated the foreclosure on the real property. State law controls the transfers of real property.

6. There are virtually no other matters before the Court in this bankruptcy case other than this proceeding. The interest of justice are not served by continuing to administer this bankruptcy case only for the sake of hearing this adversary proceeding, which, in any event, is subject to *de novo* review by the District Court. 28 U.S.C. 157(c)(1).

7. This Court can only submit these proposed findings of fact and conclusions of law to the District Court. The District Judge must enter the final order. 28 U.S.C. 157(c)(1).

8. This Court recommends that the District Court voluntarily abstain from hearing this proceeding pursuant to 28 U.S.C. 1334(c)(1).

SIGNED this 23th day of February, 1988 at San Antonio.

(s) R. Glen Ayers, Jr.
R. Glen Ayers, Jr.
Bankruptcy Judge